866 So.2d 225 (2004)
Princess MARTIN, Individually and On Behalf of the Estate of Isaiah Martin, Carrie N. Martin, Calvin Martin, Marilyn Baldwin, Sharlyn Taylor, Kenneth Martin, Janet Martin, Murriel Jackson, Johnny Martin, Larry Martin, Michael Martin, and Terry W. Martin
v.
COMM-CARE CORPORATION d/b/a Community Care Center of Ruston.
No. 2003-C-3188.
Supreme Court of Louisiana.
February 6, 2004.
Writ denied.
CALOGERO, C.J., dissents from denial with reasons.
CALOGERO, Chief Justice dissents from the writ denial.
I continue to believe that the majority's resolution of this prescription issue in LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, was wrong and that application of the faulty analysis in LeBreton serves in this case to cause a near-unconscionable result denying the rights of the survivors of the deceased asserted-victim of malpractice. I would grant and docket to reconsider the issue resolved in LeBreton. There is no conflict between the provisions of Louisiana Civ.Code art. 3462 and the provisions of La.Rev.Stat. 40:1299.47(A)(2)(a), as both provisions can be harmonized with the result of each provision being given full effect. As I recited *226 in my dissent in Washington v. Fustok, XXXX-XXXX (La.9/21/01), 797 So.2d 56, "the purpose for denying claims that are prescribed is to avoid denying the defendant a timely opportunity to investigate a matter and prepare a defense." Id. As in Washington, that purpose is not served here, where the defendant was sued less than a year from the death of plaintiffs' decedent.